UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OAK POINT PARTNERS, LLC,

        Plaintiff,

v.

BLUE CROSS BLUE SHIELD
OF MICHIGAN,

        Defendant.
_____/

Case No. 2:19-cv-10662
District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE A RULE 30(b)(6) WITNESS (ECF No. 26)

This matter came before the Court for consideration of Plaintiff's motion to compel Defendant to produce a witness pursuant to Fed. R. Civ. P. 30(b)(6) (ECF No. 26), Defendant's response in opposition (ECF No. 28), Plaintiff's reply (ECF No. 30), and the parties' joint list of unresolved issues (ECF No. 31). Judge Lawson referred this motion to me for a hearing and determination. (ECF No. 27.) As a result of the COVID-19 pandemic, a hearing was held via Zoom technology on November 24, 2020, at which counsel appeared and the Court entertained oral argument regarding the motion.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, which are hereby incorporated by

reference as though fully restated herein, Plaintiff's motion to compel (ECF No. 26) is **GRANTED IN PART** and **DENIED IN PART** as follows:

- The Court **SUSTAINS** Defendant's objection that Topic 2 in Plaintiff's amended Rule 30(b)(6) deposition notice (ECF No. 26-4, PageID.353), as phrased, is overbroad and calls for a legal conclusion.  Thus, Defendant need not produce a Rule 30(b)(6) witness or witnesses to testify regarding Topic 2.

- However, the Court **OVERULLES** Defendant's objection that Topics 1, 3 and 4 in Plaintiff's amended Rule 30(b)(6) deposition notice (ECF No. 26-4, PageID.353) are overbroad, and **ORDERS** that Defendant **PRODUCE** a Rule 30(b)(6) witness or witnesses to testify regarding each.  Topics 1, 3 and 4 describe with reasonable particularity the matters for examination, Fed. R. Civ. P. 30(b)(6), and Plaintiff is entitled to explore whether Defendant has a good faith basis for its assertions that it disclosed Access Fees, and that the "Insureds" had either actual or constructive knowledge of the factual basis for the claims raised in the complaint three or six years before it was filed.  (*See* Defendant's Affirmative Defenses, ECF No. 17, PageID.254.)  In other words, Plaintiff is entitled to explore Defendant's factual knowledge and its evidence in support of its own affirmative defenses.  Further, the Court **OVERRULES** Defendant's objection that producing Rule 30(b)(6) witnesses to testify regarding these topics would be unduly burdensome, considering the proportionality factors set forth in Fed. R. Civ. P. 26(b)(1), including but not limited to representations made by counsel that Plaintiff's claims are in excess of $10 million, and that Defendant's resources for complying with the requests (a staff of 20 in-house counsel, over 7,000 employees and a multi-billion dollar company) are vast, as well as the fact that Defendant failed to properly support its objection with a supporting affidavit or declaration.  *See Convertino v. U.S. Dep't of Justice*, 565 F.Supp.2d 10, 14 (D.D.C. 2008) (a party objecting to a request for production of documents as unduly burdensome must submit affidavits or other evidence to substantiate its objections); *see also In re Heparin Prods. Liab. Litig.*, 273 F.R.D. 399, 410-11 (N.D. Ohio 2011); *Sallah v. Worldwide Clearing LLC*, 855 F.Supp.2d 1364, 1376 (S.D. Fla. 2012).  Furthermore, the Court finds that

    Defendant is able to "identify the outer limits of the topics noticed" and that "compliant designation" is possible for these three permitted topics. *See Trustees of Boston Univ. v. Everlight Electronics Co., Ltd.*, Case No. 12-CV-11935, 2014 WL 5786492 at *3 (D. Mass. Sept. 24, 2014).

- Defendant **SHALL** produce for deposition the bulk of the testimony and information identified in the Rule 30(b)(6) notices regarding Topics 1, 3 and 4 by **Wednesday, January 20, 2021**, and must fully comply with the Court's ruling by **Wednesday, February 10, 2021**.

- Nothing in this ruling precludes Defendant from raising any work product objections it may have at the time of the deposition, as the questions are asked.

    Finally, the Court awards no costs, neither party having prevailed in full.

*See* Fed. R. Civ. P. 37(a)(5)(C).

**IT IS SO ORDERED.**

Dated: November 25, 2020

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

3